## JOSHUA TURNER *v* M. T. NEWMAN ET. AL.

**Agency—Joint Owners of Contract—Notice of Payment.**

A contract was entered into by three parties, owners of certain land, to sell to a fourth party, and only one of the owners conducted the negotiations, completed the sale, had the purchase price of the land payable to all jointly. A settlement of the interest on this obligation was made with only one of the owners when it became due, and a rceipt given, signed in the name of all the joint owners. **Held,** that each payee must be regarded as the agent of the others, and the dealings witn the one are the dealings with all.

**Notice—Partition of Payments on Obligation to Joint Owners—Parties.**

Where there is a covenant payable to several co-owners of an obligation, the obligor is not bound to partition the payments and see that each gets his part, nor if there should be controversies relative to it, is he bound without any notification whatever to have all present when he settles with either; in such cases, if any of the payees intend to withdraw the presumed agency from his co-owners, he might notify the obligor of such intention.

**Same—Fraud—Collusion.**

In the absence of allegation and proof in a petition ᴠ. coerce payment of an obligation to co-owners, of fraud and collusion, and notice from all to the obligator, a settlement of the obligation with one of the co-owners will not be disturbed.

**APPEAL FROM BOONE CIRCUIT COURT.**

January 20, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

R: L. Newman was no party plaintiff, nor does he by any pleading ask a judgment or set out a cause of action against Turner, either jointly with T. Newman, or singly. He is made a party to Turner's cross petition, but does not answer it, and being served with process its allegations as to him should have been taken as true. The joint judgment in favor of M. T. & R. L. Newman for $267.18 cost is not authroized by either pleading or evidence.

The case was previously before this court upon a sustained demurrer to the petition, and all this court then decided was that the petition itself, without the aid of the article of agreement as

to the purchase and sale of the land, contained sufficient aver-
ments to show a cause of action, and therefore reversed the judg-
ment. Upon the return of the cause Turner responded, set up the
article of agreement, averred that the parties had previous to the
suit settled and adjusted the whole matter in controversy and re-
scinded the contract, and asked that it be sustained, but, if not,
then that the contract be rescinded for alleged causes. The court
referred the matter to a commissioner, who reported that Turner
should be charged $275 annual rents, with interest thereon from
the end of each year, and then for other items set out by him, mak-
ing $1283.65. His credits are then allowed $1176.87, making a
balance against Turner of $106.76. The commissioner's report is
made the basis of the judgment, save that the interest on the pur-
chase price is made the criterion of the rents, and this being $5700
credited with $300 would make the annual rents $324, instead
of $275, which, we think, would be the correct basis if the court
should at all settle the rents, as this case is now presented. But
this alteration would not justify the amount adjudged of $267.18
costs, or two-thirds of the balance against Turner, as the whole
would only be $265.25. Clutterbuck, who held the article of
agreement, states that in April, 1860, Turner and D. N. Newman
came to his schoolhouse and stated that "he had agreed to settle
or compromise their difficulties concerning the land," and request-
ed him to make some calculations for them, which he did, and
after he had made the calculations upon the data furnished by
them, Turner then paid said Newman *"the balance of the interest
due upon the purchase money,"* and this is corroborated by a re-
ceipt dated April 2, 1860, for seventy-two 83-100 dollars to
Joshua Turner *"in full of all demands to date."* Signed "Dan'l
Newman & Brothers." Clutterbuck says Dan'l Newman and Tur-
ner then told him to destroy the article of agreement, as to the
purchase of the land, but that M. T. Newman afterwards told him
not to do so.

Dan'l Newman seems to have been the active agent in selling
the land, at least the article of agreement is made in the joint
names of D. N. Newman, R. L. Newman and M. L. Newman and
signed by them, and the purchase price is payable jointly to them,
whether they were joint tenants, or tenants in common, or co-
parceners, they held a joint and, we presume, an equal interest in

the land, and when they sold instead of separating that interest they kept it up by an obligation to them jointly.

In this state of dealings each payee must be regarded as the agent for the others, and in all fair transactions, without notice from the other parties, the obligor should be protected in his transactions with either payee.

There were more than one legal reason why this contract should be rescinded, and Dan'l N. Newman violated no legal right nor proved that he colluded with Turner, or made an unfair settlement with him, but M. T. Newman goes on the naked legal principle that Dan'l N. Newman had no right to act as his agent for him, but surely where there is a covenant payable to several the obligor is not bound to partition the payments and see that each gets his part, nor if there should be controversies relative to it, is he bound without any notification whatever to have all present when he settles with either; in such cases if any of the payees intends to withdraw the presumed agency from his co-obligors he must notify the obligor of such intention. We think, therefore, in the absence of all allegation and proof that the settlement by D. N. Newman, with Turner, was collusive or unfair, and in the absence of any notification to Turner not to settle with him, the settlement should be upheld and the petition dismissed absolutely.

Wherefore, the judgment is reversed, with directions to dismiss the petition absolutely.

*Pryor & Chambers, for appellant.*

*Carlisle & O'Hara, for appellees.*